**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARY I. HAMMOCK,                       Case No. 1:12-cv-250

    Plaintiff,                                   Beckwith, J.
                                                    Bowman, M.J.
    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff has filed an unopposed motion seeking an award of attorney's fees under 42 U.S.C. §406(b). Pursuant to local practice, the motion for attorney's fees and costs has been referred to the undersigned magistrate judge. For the reasons that follow, I recommend that the motion be GRANTED in full, despite modest reservations concerning the timeliness of the motion and hours claimed.

**I. Background**

In February 2009, Plaintiff applied for Disability Insurance Benefits ("DIB") alleging disability due to a combination of physical and mental impairments, with an onset date of December 2008. Plaintiff's application was denied initially, upon reconsideration, and ultimately in December 2010 after an evidentiary hearing before an ALJ, at which Plaintiff appeared with counsel. On March 28, 2012, proceeding through new counsel, Plaintiff filed a judicial appeal of the ALJ's adverse decision in this Court, pursuant to 42 U.S.C. §405(g).

On August 13, 2013, the presiding district judge adopted the Report and

Recommendation of the undersigned and reversed and remanded this case to the Commissioner on grounds that the ALJ's decision was not supported by substantial evidence. (Docs. 14, 18). Proceedings at the administrative level continued until on or about January 23, 2014, when Plaintiff received a notice of the ALJ's favorable decision on remand, stating that additional review had resulted in a determination of disability, and that she would receive benefits retroactive to December 12, 2008. (Doc. 20-2). Unfortunately, counsel has not included a copy of the Notice of Award that reflects the precise calculation of benefits.[1] However, counsel has attached as an exhibit to his motion a Notice dated July 5, 2015, following the calculation of past due benefits, that reflects the agency has withheld the amount of $11,945.48, representing 25% of the past due benefits award for payment of any future attorney's fee awarded by this Court. (Doc. 20-6 at 1). Thus, by inference, the award of back benefits totaled $47,781.92. The undersigned also infers, giving counsel the benefit of the doubt, that July 5, 2015 was the earliest date that he received the Notice of the full calculation of benefits. Plaintiff filed the instant motion for attorney fees pursuant to 42 U.S.C. §406(b) on September 13, 2015.

Plaintiff's motion reflects that Plaintiff signed a contingency fee contract on March 16, 2012, in which she agreed to pay 25% of any award of back due benefits that resulted from a successful appeal in this federal court. (Doc. 24-2 at 1). Plaintiff's motion seeks a judicial determination that counsel is entitled to the full award of $11,945.48 withheld by the agency for payment under that contingency fee contract.

---

[1] Some delay between the date of a favorable decision and the date of the Notice of Award reflecting the calculation of benefits by the agency is to be expected.

**II. Analysis**

**A. Relevant Provisions for Payment of Attorney's Fees**

Three different statutory provisions provide for the payment of attorney's fees to counsel who practice before the Social Security Agency at the administrative level, or who successfully appeal social security decisions to this Court. First, the EAJA, which broadly applies outside of the social security context, authorizes this Court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials. *See* 28 U.S.C. §2412(d)(1)(A). A plaintiff who wins a remand of her social security appeal in this Court is a "prevailing party," regardless of whether benefits are ultimately awarded. An EAJA fee award has no impact upon a claimant's future award of benefits, because the award comes from the Social Security Administration.

Two additional fee provisions are contained in the Social Security Act itself. For work performed by counsel at the administrative level, 42 U.S.C. §406(a) provides for payment of fees, generally up to $6,000.00. That provision authorizes payment "for representation before [the] Commissioner of Social Security." Because §406(a) is designed to pay for work performed at the administrative level, it is the Commissioner of the Social Security Agency, and not this Court, that is authorized to make those awards. *See generally Cohn Law Firm v. Astrue*, 968 F. Supp.2d 884 (W.D. Tenn. 2013)(granting summary judgment to Commissioner where Plaintiffs filed suit under the Mandamus Act to compel Commissioner to pay additional fees under §406(a)).

Last, federal courts are authorized to pay attorney's fees under 42 U.S.C. §406(b), up to the statutory maximum of 25%, for work performed in federal court during the judicial appeal of an adverse decision. In contrast to the EAJA which permits

3

payment for remand alone, a 406(b) fee can be awarded <u>only</u> if the agency awards benefits after remand. Also in contrast to the EAJA, §406(b) fees come directly out of the successful claimant's award, thereby reducing his or her benefits, and must be supported by a fee agreement. Unlike the EAJA, §406(b) does not contain a statutory time limit for filing the motion, but instead is governed by the general time limit for filing a motion for fees contained in Rule 54(d)(2), Fed. R. Civ. P.

**B. Merits of Motion**

**1. Timeliness**

Even though the Commissioner has not filed any response in opposition to Plaintiff's motion, this Court has an affirmative duty under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to examine the "reasonableness" of the amount of fees sought under §406(b). That affirmative duty includes an examination of the timeliness of the motion. As the undersigned previously held in a case involving the same counsel herein, and as implicitly adopted by the Sixth Circuit in the published case of *Lasley v. Com'r of Soc. Sec.*, 771 F.3d 308 (6th Cir. 2014), a motion for attorney's fees under §406(b) generally must be filed within a very short time frame after receipt of the Notice of Award that reflects the calculation of benefits. Although the time frame for a post-judgment motion for attorney fees is generally restricted to within "14 days" of judgment under Rule 54(d), Fed.R.Civ.P., a combination of equitable tolling principles[2] and Local Rule 54.2 extend that time to

---

[2] While some courts have amended their local rules to better articulate the deadline for filing §406(b) motions, most courts have applied the doctrine of equitable tolling to construe the date of the Notice of Award as the operative "judgment" date under Rule 54(d)(2). *See, e.g., Lasley v. Com'r of Soc. Sec.,* Case No. 1:10-cv-394-SJD, 2013 WL 3900096 (S.D. Ohio, July 29, 2013), adopted by Dlott, J. at 2013 WL 6147841, *aff'd* 771 F.3d 308 (6th Cir. 2014); *Boston v. Com'r of Soc. Sec.*, Case No. 1:10-cv-408-HRW, R&R adopted at 2014 WL 1814012 (S.D. Ohio, May 7, 2014); *Proctor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-127-SSB, 2013 WL 308730 (S.D. Ohio Jan. 25, 2013), adopted at 2013 WL 607968 (Feb. 19,

within forty-five days of the "judgment" – previously construed by this Court as the date of the Notice of Award reflecting the calculation of benefits.

In this case, counsel failed to include a copy of the relevant Notice as an exhibit to his §406(b) motion. However, for purposes of the pending motion, the undersigned will assume that date to be July 5, 2015. Counsel filed the instant motion on September 13, 2015, approximately 70 days later.

**2. Calculating a Reasonable Fee Award**

As has been discussed by this Court and others, the Commissioner has little incentive to file any response to a §406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Even when a response is filed by the Commissioner, it often expresses no position.[3]

On the other hand, by statutorily capping contingency fee awards in social security cases at 25%, Congress has attempted to protect often-desperate plaintiffs from giving up too much of their future benefit awards for the sake of obtaining legal representation. The Sixth Circuit has explained that §406(b) includes a directive to the federal courts to affirmatively examine the "reasonableness" of any fee award up to that maximum. The court has emphasized that the 25% statutory cap should not be "viewed as per se reasonable" and instead, should be "a starting point for the court's analysis."

---

2013); *Willis v. Com'r of Soc. Sec.*, Case No. 1:10-cv-594-MRB, 2013 WL 4240835 (S.D. Ohio, Aug. 14, 2013), *adopted as modified in part*, 2014 WL 2589259 (S.D. Ohio, June 10, 2014); *Cyrus v. Com'r of Soc. Sec.*, Case No. 1:11-cv-234-MRB, R&R adopted at 2014 WL 5432123 (S.D. Ohio, Oct. 27, 2014); *Wallace v. Social Security*, Case No. 1:09-cv-382-SSB, 2013 WL 3899964 (S.D. Ohio, July 28, 2013), adopted at 2013 WL 4517772 (Aug. 26, 2013).

[3]*See, e.g., Childres v. Com'r of Soc. Sec.*, Case No. 1:09-cv-173-MRB, Response at Doc. 22, stating: "The Commissioner states that he has no financial stake in the matter, and no objection to Plaintiff's §406(b)] motion."

*Rodrizuez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Thus, federal courts must balance the rights of counsel to a fair fee with the need to safeguard the rights of litigants whose interests are necessarily adverse to those of counsel in the limited context of a §406(b) award. *See generally Gisbrecht v. Barnhart*, 535 U.S. at 807-809 (holding that courts must review contingent fee agreements in social security cases to assure that they yield "reasonable results in particular cases.").

An attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689 (S.D. Ohio 2013)(*citing Gisbrecht*, 535 U.S. at 807). A contingency fee award may be reduced if counsel was incompetent or ineffective, but that obviously would rarely be the case in cases in which counsel has obtained benefits for his or her client after winning a remand in this Court. However, under *Gisbrecht*, a "downward adjustment" also is warranted to avoid a "windfall" - when the amount of benefits is large in comparison to the amount of time counsel spent on the case. *Id.* at 808; *see also Lowery* (approving unopposed request for contingency fees based well-supported motion that represented significant voluntary reduction to just 14.5% of the past-due benefits award).

A full contingency award constituting 25% of the past due benefits may constitute a windfall in cases where the total award is large due chiefly to the passage of time – even (as is usually the case) when the delay is not attributable to counsel but instead merely results from the slow wheels of justice and inevitable delays occasioned within the social security agency itself. *Accord Dearing v. Sec. of Health and Human Servs.*, 815 F.2d 1082 (6th Cir. 1987); *Boston v. Com'r of Soc. Sec.*, 2014 WL 1813012 at *1.

In *Lasley*, the undersigned dramatically reduced this same counsel's claimed fee. In addition to citing counsel's unwarranted delay in filing his §406(b) motion, the undersigned cited the extremely high hypothetical hourly rate, the opposition of the Commissioner (ordinarily a disinterested party to §406(b) motions), the lack of any offer to negotiate or reduce the fee to the benefit of the Plaintiff in order to reduce the likelihood of a windfall, the relative brevity of representation, and the relative simplicity of the claim presented to this Court.

Few of the same factors apply here, although the undersigned is constrained to note two more modest reservations. Unlike in *Lasley* in which counsel waited more than five months after the Notice of Award to file his motion, counsel filed the instant motion approximately 70 days after his presumed receipt of the Notice of Award. While still more than a month late under equitable tolling principles and Local Rule 54.2, as well as this Court's warning in *Lasley*, counsel's timing has shown improvement. In addition, the Commissioner has filed no opposition. For those reasons, the undersigned will put aside the Court's reservations concerning the delay by counsel in filing his §406(b) motion.

The instant motion also seeks a more reasonable fee than was sought in *Lasley*, where dividing the monetary award sought by the number of hours expended yielded a hypothetical hourly rate of more than $700 per hour. Dividing the number of hours submitted by Plaintiff in this case into the total fee sought yields a much more modest hypothetical hourly rate of $212 – a rate easily within the parameters of a "reasonable" range. On the other hand, the total number of hours listed on Plaintiff's time records (56.25) is unusually high for a social security appeal – which artificially depresses that

low "hypothetical" hourly rate. "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule...." *Crim v. Com'r of Soc. Sec.*, No. 1:11–cv–137, 2013 WL1063476, at * 4 (S.D. Ohio Mar. 14, 2013); *see also Scott v. Colvin*, 2014 WL 3101327 at *6 (N.D. Ohio July 7, 2014)("The Sixth Circuit has observed that the number of hours expended in most Social Security appeals ranges from 'twenty to thirty hours,' with forty hours being the high end.")(citations omitted).

Examining counsel's hours, the undersigned notes the inclusion of time for what arguably were "clerical" tasks including preparation of the summons and *in forma pauperis* form, and downloading documents from the court's website. In addition, many tasks consumed an unexpected number of hours. For example, counsel spent 14.25 hours on his reply memorandum, and 4.5 hours simply reading the undersigned's Report and Recommendation recommending remand in Plaintiff's favor and the Commissioner's 6-pages of objections thereto, prior to spending an additional 4.25 hours drafting a 4-page response to the Commissioner's objections.

Nevertheless, the undersigned again puts aside any small reservation concerning the number of hours expended. Even if the hours were reduced by the undersigned to a number within the more typical range for such cases,[4] the undersigned would still find counsel's hypothetical fee to be within a "reasonable" range for approval of a §406(b) award, and not a windfall. Accordingly, exercising the discretion that is required, the undersigned finds the requested award to reflect a "reasonable" fee, given

---

[4] By contrast, the same counsel logged 35.5 hours in the *Lasley* case.

the balance of factors required under controlling case law.

### III. Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

Plaintiff's unopposed motion for a fee award pursuant to 42 U.S.C. §406(b) (Doc. 24) should be GRANTED in the amount of $11,945.48. However, counsel is strongly cautioned in light of *Lasley* and this case that he should take great care to file any future §406(b) motions in this Court within 45 days of the Notice of Award that reflects the calculation of back due benefits.

                                            *s/ Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY I. HAMMOCK,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 1:12-cv-250

Beckwith, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).